**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PALO ALTO NETWORKS, INC.,**<br><br>Defendant. | **CIVIL ACTION NO.: 4:19-cv-014**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against Palo Alto Networks, Inc. ("Palo Alto" or "Defendant").

**PARTIES**

2. Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. Defendant is a Delaware corporation having a principal place of business at 3000 Tannery Way, Santa Clara, CA 95054. Palo Alto also maintains a regional office in the Eastern District of Texas – located at 3901 Dallas Pkwy, Plano, Texas 75093. Defendant's Registered Agent for service of process in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has established offices in Plano, Texas – within the Eastern District of Texas.



8. Defendant has infringed, and does infringe, by transacting and conducting business within the Eastern District of Texas. Upon information and belief, operations at Defendant's Plano location include sales, marketing and/or business development for Defendant's infringing instrumentalities.

9. Defendant's office in Plano, Texas is a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in

detail, hereinafter) at the Defendant's regional office within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001. A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, and/or software as a service (SaaS) for network monitoring and management including, but not limited to, Palo Alto's Panorama software systems ("Palo Alto Software").

12. Defendant directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to network resource components – devices and systems for network monitoring and management – including, but not limited to, Palo Alto's Panorama Appliances (Virtual and M-Series) and WildFire Appliances ("Palo Alto Network Devices").

13. The Palo Alto Network Devices are physical components – and, in some instances, virtual components – that are communicably coupled to, and provide access to, a plurality of networked information and application resources – providing an operational front end for those network resources ("Network Resources"):



14. Together, Palo Alto Software and Palo Alto Network Devices are communicatively and operationally coupled to a variety of Network Resources – forming a cohesive Palo Alto network management system ("Palo Alto System").

The Panorama™ management server provides centralized monitoring and management of multiple Palo Alto Networks next-generation firewalls and of WildFire appliances and appliance clusters. It provides a single location from which you can oversee all applications, users, and content traversing your network, and then use this knowledge to create application enablement policies that protect and control the network. Using Panorama for centralized

## About Panorama

Panorama enables you to effectively configure, manage, and monitor your Palo Alto Networks firewalls with central oversight. The three main areas in which Panorama adds value are:

> Panorama keeps the enterprise user in mind. Control your internet and data center edge, and your private and public cloud deployments, all from a single console. Panorama can be deployed via virtual appliances, our purpose-built appliances or a combination of the two. Use appliances as Panorama management units or as

15. The Palo Alto Systems are the infringing instrumentalities.

16. Palo Alto Systems comprise a central user interface providing end users with query and control access to Network Resources:

[4]



17. Palo Alto Systems generate a transaction request – providing access to a particular Network Resource:

| Monitor | View and manage logs and reports. |
|---|---|
| Device Groups > Policies | Create centralized policy rules and apply them to multiple firewalls/device groups.<br><br>You must Add a Device Group on page 184 for this tab to display. |
| Device Groups > Objects | Define policy objects that policy rules can reference and that managed firewalls/device groups can share.<br><br>You must Add a Device Group on page 184 for this tab to display. |
| Templates > Network | Configure network setting, such as network profiles, and apply them to multiple firewalls.<br><br>You must Add a Template on page 196 for this tab to display. |
| Templates > Device | Configure device settings, such as server profiles and admin roles, and apply them to multiple firewalls.<br><br>You must Add a Template on page 196 for this tab to display. |
| Panorama | Configure Panorama, manage licenses, set up high availability, access software updates and security alerts, manage administrative access, and manage the deployed firewalls, Log Collectors, and WildFire appliances and appliance clusters. |

    18.    Palo Alto Systems generate and/or maintain a listing of resources on the network:

> Panorama™ uses *device groups* and *templates* to group firewalls into logical sets that require similar configuration. You use device groups and templates to centrally manage all configuration elements, policies, and objects on the managed firewalls. Panorama also enables you to centrally manage licenses, software (PAN-OS® software, SSL-VPN client software, GlobalProtect™ agent/app software), and content updates (Applications, Threats, WildFire®, and Antivirus).
>
> The **Context** drop-down lists only the firewalls that are connected to Panorama. For a Device Group and Template administrator, the drop-down lists only the connected firewalls that are within the Access Domains assigned to that administrator. To search a long list, use the Filters within the drop-down.

    19.    Plaintiff herein restates and incorporates by reference paragraphs 13 – 18, above.

    20.    Palo Alto Systems generate a user interface – which may be browser based – through which users interrogate, manage, or manipulate various Network Resources.

    21.    Palo Alto Systems generate and/or maintain a variety of listings and groupings of resources on the network.

    22.    Palo Alto Systems, through a user interface, accept a transaction requested by a user – such as accessing data logs stored on a Network Resource:

> in the managed network based on logs stored on Panorama (and the managed collectors) or by accessing the logs stored locally on the managed firewalls, or on the Logging Service.

23. Palo Alto Systems determine which Network Resources may be responsive to a requested transaction, and generate a corresponding communication or signal to one or more Network Resources responsive to that requested transaction.

24. Palo Alto Systems select which Network Resources are responsive to the requested transaction, sort them by relevance to the requested transaction, and perform the transaction on or with that Network Resource:

> Define your log filtering criteria by selecting the **Time Frame**, **Sort By** order, **Group By** preference, and the columns (log attributes) that the report will display.

25. Palo Alto Systems, through a user interface, accept user requests or requirements for network data, generate corresponding communications or signals with one or more related Network Resources, and retrieve requested network data from the Network Resources.

26. Palo Alto Systems display requested data for a user via a user interface:

> **Dashboard**   View general information about the Panorama model and network access settings. This tab includes widgets that display information about applications, logs, system resources, and system settings.

27. Palo Alto Systems process a variety of context specific data as they process user requests:



28. Palo Alto Systems create connections to multiple Network Resources, display connected Network Resources, and access Network Resources from a single user interface.

29. Plaintiff herein restates and incorporates by reference paragraphs 13 – 28, above.

30. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present on or within Palo Alto Systems.

31. As generally described in the paragraphs above, a Palo Alto System comprises Palo Alto Software installed on a networked computer system having a plurality of computer servers, and a plurality of Network Resources communicatively and operationally coupled to the Palo Alto Software and/or Devices.

32. As generally described in the paragraphs above, a Palo Alto System provides access to, or monitoring or management of, one or more Network Resources according to a transaction request entered into the Palo Alto System through a user interface.

33. As generally described in the paragraphs above, a Palo Alto System processes resource transactions entered through a user interface.

34. As generally described in the paragraphs above, a Palo Alto System comprises a plurality of Network Resources, remotely located with respect to the computer system upon which the Palo Alto Software is based, and communicatively coupled to the Palo Alto Software via a computer network.

35. As generally described in the paragraphs above, each Network Resource provides one or more resources available for use by a Palo Alto System.

36. A Palo Alto System comprises a resource information registry for storing information about the Network Resources. The information registry in a Palo Alto System stores resource information available for each of the Network Resources.

37. A Palo Alto System, through its user interface, accepts user requests or commands that define a requested transaction with a Network Resource; and generates a corresponding communication or signal to one or more Network Resources responsive to that requested transaction.

38. A Palo Alto System generates contextual elements for the requested transaction that provide additional information for selecting and processing data from at least one Network Resource.

39. A Palo Alto System selects at least one Network Resource to process in conjunction with the requested transaction, according to information stored in the resource information registry.

40. A Palo Alto System determines one or more operations to perform on the Network Resource to obtain a result satisfying the requested transaction – such as retrieving data types or categorical information.

41. A Palo Alto System obtains a desired result from the selected Network Resource and processes that result to generate a desired output to a user interface.

42. Palo Alto Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent.

43. Palo Alto Systems literally and directly infringe – at least – claims 1, 15, and 17 of the '730 Patent.

44. Palo Alto Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

45. In the alternative, Palo Alto Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. Palo Alto Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the Palo Alto Systems and the claims of the '730 Patent are insubstantial.

46. Palo Alto Systems – by virtue of exclusivity of use of Palo Alto Software – require end users to operate Palo Alto Systems in a manner prescribed and controlled by Palo Alto. Palo Alto therefore exercises control and/or direction over the performance of every action performed on or by a Palo Alto System, including those that are initiated by an end user via the user interface.

47. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, Palo Alto Systems or, in the alternative, performed by end users of Palo Alto Systems under the direction and control of Palo Alto – and are therefore attributable to Palo Alto.

48. In the alternative, Palo Alto Systems infringe – indirectly – claims 1, 15, and 17 of the '730 Patent, by virtue of Palo Alto's control and direction of the infringing instrumentalities and/or operations.

49. Palo Alto Systems, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and Palo Alto is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

January 7, 2019                                    Respectfully Submitted,

                                                    By:  /s/ *Ronald W. Burns*

                                                        Ronald W. Burns (*Lead Counsel*)
                                                        Texas State Bar No. 24031903
                                                        RWBurns & Co., PLLC
                                                        5999 Custer Road, Suite 110-507
                                                        Frisco, Texas 75035
                                                        972-632-9009
                                                        rburns@burnsiplaw.com

                                                        **ATTORNEY FOR PLAINTIFF AKOLOUTHEO, LLC**